SANDALIO TORRES, Plaintiff and Appellee, *v.* ANTONIO DÁVILA, Defendant and Appellant.

No. 6356.  Argued May 10, 1934.—Decided July 26, 1934.

*R. Cuevas Zequeira* for appellant.  *Carlos D. Vázquez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

It is conceded that the wife of the plaintiff was bitten by a fierce dog and suffered injuries. The evidence tended to show that the fierce nature of the dog was known to the defendant. The court rendered judgment for the plaintiff in the sum of $250.

In this court, as below, the controversy waged over a conflct in the evidence. Principally, the defendant attempted to show that the dog did not belong to him, but to his chauffeur; that the dog was not frequently in his house and that he did not have the ownership or possession of the animal.

There was evidence tending to show that the dog belonged to the defendant and that he admitted the fact. One is bound to agree with the appellant that admissions are to be received ✓ with caution, but this is matter within the sound discretion of the trial judge. If the judge below had relied exclusively on these admissions there would be but little to say in this appeal.

The court, however, said:

"As to the ownership or custody of the animal, leaving aside the testimony of Cristino Santiago in case it might be tinted with partiality, the testimony of Tomasa Torres, daughter of Julia Rosario, to the effect that defendant himself admitted the ownership or✓ possession of the dog, as well as that of Miguel Emmanuelli who resides also in the suburban district of Río Piedras known as Floral Park and lives next to Dávila and has seen the dog roaming about there, although he stated that the dog belonged to the chauffeur of Dávila called Germán, and even the testimony of defendant himself who stated that if he took care of the injured person paying for her medicines and other attentions he was prompted by humanitarian impulses, lead us to the logical and final conclusion that the dog, even granting that it had been given to the chauffeur Germán Negrón, was all the time in the house of the defendant who housed it there and therefore had it in his immediate possession. It can not at all be conceived how a dog belonging to a servant or employee of a person should be tolerated in the master's house with such frequency as the witness said he saw it, and there is the admission made by the

defendant himself in his testimony, independent of the latter's behavior, which amounts to a full admission. Section 1805 of the Civil Code of Puerto Rico provides that the possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when such animal should escape from him or stray; and that this liability shall cease only in case the damages should arise from *force majeure* or from the fault of the person who may have suffered it. Although the parties submitted the case without any argument such Section 1805 of the Civil Code of Puerto Rico (1930 ed.) has been construed by our Supreme Court in *Redinger* v. *Crespo,* 18 P.R.R. 106.''

Nevertheless, we agree with the appellee that the court believed the testimony tending to show admissions of the defendant. Or else there would be little to advert to the conduct of the defendant. We should feel bound to affirm the judgment on this ground alone.

To make certain, however, the court found and held that even if the dog belonged to the chauffeur, Section 1805, Ed. 1930, was still applicable. There was evidence tending to show, as said by the court, that the dog was frequently, if not constantly, within the house of the defendant who gave it the run of the same and was hence in possession of the defendant.

Incidentally it may be said that learned counsel for the appellant was also counsel in the court below and it is evident that the court was impressed by and meant to meet the contentions of counsel. Hence the slightly ambiguous form of the finding.

Under the facts we find no error in the application of Section 1805. The evidence, direct or circumstantial, points to both the ownership and possession of the dog.

As soon as the court became convinced of the truth of most of plaintiff's evidence and disbelieved that of defendant, the imposition of costs fell within the sound discretion of the court and we find no abuse.

The judgment will be affirmed.

Mr. Justice Hutchison concurs.